IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JOHN L. ORR,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**PEOPLE OF THE STATE OF ILLINOIS,**<br>*et al.*,<br><br>    **Defendants.** | Case No. 23-cv-02055-SPM |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

  Plaintiff John Orr brings this action pursuant to 42 U.S.C. § 1983 for unlawful incarceration. (Doc. 1). Along with the Complaint, Plaintiff filed a motion requesting for the Court to recruit counsel to represent him in this matter and that he be allowed to proceed without prepaying the filing fee due to indigency. (Doc. 2). Plaintiff indicates that he is no longer incarcerated and living at a "V.A. Home" on a fixed income of $30.00 per month. (*Id.*).

  Under 28 U.S.C. § 1915, an indigent party may commence a federal court action without paying required costs and fees upon submission of an affidavit asserting the inability "to pay such fees or give security therefor" and stating, "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). Even if the Court construes Plaintiff's motion as sufficient to demonstrate indigency, the Court's inquiry does not end there because 28 U.S.C. § 1915(e)(2) requires careful threshold scrutiny of a complaint filed by a plaintiff seeking to proceed IFP. The Court may dismiss a case and deny an otherwise qualified plaintiff leave to proceed IFP, if the action is clearly frivolous or malicious, fails to state a claim, or is a claim for money damages against an immune defendant. 28 U.S.C. § 1915(e)(2)(B); *see also Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003).

Page 1 of 4

#### DISCUSSION

In the Complaint, Plaintiff claims that "people" forced him to "plead guilty – but – mentally – ill – to – attempt – murder with no defense hearing" or else serve 30 years. Plaintiff states he spent 17 years unlawfully incarcerated. He sues the "People of Illinois…(Attorney General's Office)." (Doc. 1, p. 2). Plaintiff seeks $50,000,000 in damages.

The Complaint does not survive preliminary review under section 1915(e)(2)(B). First, Plaintiff has not named a proper defendant. The People of Illinois and the Attorney General's Office are not "persons" within the meaning of the Civil Rights Act and are therefore not subject to a Section 1983 lawsuit for monetary damages. Furthermore, under the *Heck* doctrine, Plaintiff cannot obtain damages under Section 1983 if a judgment in his favor "would necessarily imply the invalidity of his conviction or sentence." *Heck v. Humphrey,* 512 U.S. 477, 487 (1994). Plaintiff does not provide any information from which the Court can infer that his underlying conviction has been overturned or invalidated. He, therefore, may not assert a Section 1983 claim challenging his trial proceedings. For these reasons, the Complaint is dismissed for failure to state a claim upon which relief may be granted, and the motion for leave to proceed *in forma pauperis* is **DENIED.** (Doc. 2).

Plaintiff will not be given an opportunity to re-plead his claims. Not only has Plaintiff failed to state a claim, but he has failed to comply with orders of this Court. At the time of filing, the Court issued an order directing Plaintiff to file a Notice Regarding Magistrate Judge Jurisdiction form indicating consent to proceed before a magistrate judge or an affirmative declination to consent. (Doc. 4). Plaintiff failed to return the form within the allotted time, and so, the Court issued another order on July 6, 2023, giving Plaintiff seven additional days to return the form. Plaintiff was warned that failure to comply with the Court's Order may result in possible sanctions. (Doc. 6). Plaintiff failed to provide the form, and he was directed to show cause by

August 7, 2023, why sanctions should not be imposed for ignoring the Court's directive and failing to comply with Administrative Order No. 257 by not returning the form. (Doc. 7).

As of today, Plaintiff has not returned the form or responded to the Court's directive to explain why sanctions should not be imposed. Plaintiff has ignored the Court's directives and has failed to actively prosecute his claims. *See* FED. R. CIV. P. 41(b). Therefore, Plaintiff will not be granted leave to amend, and this entire action will be dismissed for failure to comply with orders of the Court.

## DISPOSITION

For these reasons, the motion for leave to proceed *in forma pauperis* is **DENIED.** (Doc. 2). The Complaint is **DISMISSED** for failure to state a claim, and this entire action is **DISMISSED with prejudice** based on Plaintiff's failure to comply with the Court's orders to file a Notice and Consent form and for failure to prosecute his claims. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). The motion for recruitment of counsel is **DENIED as moot.** (Doc. 3).

If Plaintiff wishes to appeal this Order, he must file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If he does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger,* 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza,* 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien,* 133 F.3d at 467. He must list each of the issues he intends to appeal in the notice of appeal and his motion for leave to appeal in forma pauperis. *See* FED. R. APP. P. 24(a)(1)(C)." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk of Court is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:**   August 14, 2023

*s/Stephen P. McGlynn*
**STEPHEN P. MCGLYNN**
**United States District Judge**
